```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| William Howard Rutland III, #09030325, | ) C/A No. 8:09-1993-SB-BHH |
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Sargent Rosemary Sanders, BCSO, | ) |
| Defendant. | ) |

The plaintiff, William Howard Rutland III ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Berkeley County Detention Center, also known as the Hill-Finklea Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915.[2] The complaint names an employee of the detention center as the defendant.[3] Plaintiff claims constitutional violations based on living conditions at the detention center, as well as retaliation for filing a prior lawsuit, and denial of written notification of detention policies. The complaint requests monetary damages of $400,000 and injunctive relief in the form of appointed counsel.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been

---

[1] The plaintiff contemporaneously submitted two complaint forms bringing claims against the same defendant, so the two forms are considered one complaint. [Docket #1 and #1-1].

[2] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court,

*Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

### Discussion

Plaintiff is a detainee being held in maximum security at the Berkeley County Detention Center. The complaint states Plaintiff is being held in the security section for protective purposes, rather than for disciplinary purposes. The complaint in this case claims overcrowding with four men in a cell designed for two men; unsanitary conditions because the "cell hasn't been cleaned in 18 days;" denial of release from the cell for days, which denies showering, exercise, and telephone use; and when released, given only thirty minutes outside the cell. Compl. at 3; Docket #1. The complaint (on the second complaint form) also alleges Plaintiff is "being denied the following: due process of law; protection from violent disciplinary segregated inmates; an enviroment free of intimidation; posession of pencil or pen (essential to communicate with court); purchase of paper from canteen (essential to communicate with court); purchase of envelopes and postage (essential to communicate with court); purchase of food items (plaintiff has lost < 25 pounds)"; denial of an already paid for canteen order; and denial of written notification of detention policies. Compl. at 3; Docket #1-1 (misspellings in original). In the relief section of both complaint forms, Plaintiff alleges these conditions are retaliation for filing a prior lawsuit, in which the Defendant also committed perjury in a sworn affidavit.

### Duplicate Claims

Plaintiff has filed thirteen cases in this Court since January of this year, several of which raise the same issues brought in this action, and brought against this same defendant. The complaint correctly identifies two previous lawsuits which deal with the same facts involved in this action: *Rutland v. Dewitt, et al.*, C/A No. 8:09-13-SB-BHH (D.S.C. 2009) and *Rutland v. Dewitt, et al.*, C/A No. 8:09-1717-SB-BHH (D.S.C. 2009). Compl. at 1, 4; Docket #1 and #1-1. In Plaintiff's first case in this Court, *Rutland v. Dewitt, et al.*, C/A No. 8:09-13-SB-BHH (D.S.C. 2009) [hereinafter Rutland One], Plaintiff "includes a laundry list of complaints relating to his prison conditions." Report and Recommendation, Docket # 57 at 2. Just like the complaint in the current case, the prior list includes denial of "living conditions that were not overcrowded," and "regular shower, exercise or telephone during lockdown." *Id.* Also alleged is denial of "an environment free of intimidation" and "supplies to clean." *Id.* Similarly, the claims in this case that allege denial of "protection from violent disciplinary segregated inmates," as well as intimidation and retaliation for filing Rutland One, are already raised in *Rutland v. Dewitt, et al.*, C/A No. 8:09-1717-SB-BHH (D.S.C. 2009) [hereinafter Rutland Three]. Defendant Sanders, the sole defendant in this case, is also a defendant in both of these prior cases, as well as five other cases filed by Plaintiff.[4] The complaint reveals no apparent reason for suing the same defendant for the same claims that are already being considered by this Court in pending cases.[5]

---

[4] See Civil Action Numbers 8:09-1754; 8:09-1807; 8:09-1822; 8:09-1940; 8:09-2164

[5] The relief section of the complaint notes that the Defendant, as well as other defendants in a prior case, "did un-lawfully commit perjury on her sworn affidavit in support of summary judgement on civil action no 8:09-13-SB-BHH." Compl. at 5, Docket #1-1. Plaintiff has already made these allegations in the case in which he claims perjury occurred, so these allegations are a duplication.

Both Rutland One and Rutland Three were served and the Defendants have responded to the complaints. Rutland One has a pending report recommending the Defendant's Motion for Summary Judgment be granted. *Rutland v. Dewitt, et al.*, C/A No. 8:09-13-SB-BHH (D.S.C. 2009) at Docket # 57. In Rutland Three, the Defendants have filed a Motion for Summary Judgment and the time to respond has not yet expired. *Rutland v. Dewitt, et al.*, C/A No. 8:09-1717-SB-BHH (D.S.C. 2009) at Docket # 14, 15. Because Plaintiff's prior cases containing the same claims are not final, the principle of *res judicata* does not appear to apply. See *In re Varat Enters, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996)(*res judicata* where a final judgment bars later litigation that arises from the same cause of action as prior litigation). As explained to Plaintiff previously, however, this Court is not required to consider duplicate claims against the same defendant, that are already pending in this Court. See *Rutland v. Dewitt, et al.*, C/A No. 8:09-1807-SB-BHH (D.S.C. 2009) at Docket # 10. The United States Court of Appeals for the Fifth Circuit has succinctly stated that:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 f.2d 1295, 1296 (5th Cir. 1970). The Plaintiff's duplicate claims are frivolous and should be dismissed.

<u>Failure to State a Claim</u>

A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal

5

rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint's allegations regarding the conditions of Plaintiff's confinement, as a pretrial detainee, are evaluated under the due process clause rather that the Eighth Amendment prohibition against cruel and unusual punishment. Plaintiff must prove that he was deprived a "basic need" and that this deprivation was attended by deliberate indifference on the part of the defendants. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). The challenged conditions must also result in serious or significant physical or emotional injury to Plaintiff. *Id.* at 1380-81.

The complaint, in stating what issues Plaintiff is attempting to litigate, alleges that "Defendant, has not and, refuses to deliver rules and or guidelines list to plaintiff." Compl. at 2, Docket # 1-1. The complaint further alleges he is forced to give up items[6] while "Plaintiff is being denied written documentation that lists what he can have and what, too, he cannot." *Id.* at 3. The failure to provide a copy of written rules or policies is not deprivation of a "basic need" and therefore does not rise to the level of a constitutional

---

[6] In as much as Plaintiff may be claiming deprivation of property, as explained in *Rutland v. Sanders*, C/A No. 8:09-2164-SB-BHH (D.S.C. 2009) at Docket # 8, an intentional deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available, such as state law. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Yates v. Jamison*, 782 F2d. 1182 (1986) (where a viable remedy is available under state law, a federal district court should deny relief under § 1983).

violation. Plaintiff fails to identify a right secured by the Constitution or laws of the United States that was violated by refusing to provide a copy of policies. The allegations regarding denial of written rules fails to state a claim and should be dismissed.

Plaintiff's current complaint concerning denial of food items from the canteen,[7] does not rise to the level of the denial of a constitutional right. Plaintiff raises the adequacy of his diet in the list of conditions claims in Rutland One. The constitutional requirement for a prison to provide adequate nutritional food to prisoners does not extend to a constitutional requirement to provide prisoners with the ability to purchase additional food. *See Rhodes v. Chapman*, 452 U.S. 337 ("deprivations of essential food"). The allegations regarding denial of purchasing canteen items, as deprivation of a "basic need," fails to state a claim and should be dismissed.

The allegations in the complaint concerning denial of pencils, paper, envelopes and postage, which Plaintiff points out are essential to communicate with the court, do not raise a constitutional issue of access to the courts. As explained in a prior case, Plaintiff must show an actual injury to state a claim for denial of access to the courts. *See Rutland v. Dewitt, et al.*, C/A No. 8:09-1753-SB-BHH (D.S.C. 2009) at Docket # 8, 11. It is well established that to state a claim for denial of meaningful access to the courts an inmate must allege specific injury resulting from the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 349-52 (1996). The complaint must contain specific allegations as to the actual injury sustained. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993). The complaint alleges lack of supplies, but does not

---

[7] If Plaintiff's allegations of canteen items paid for but not delivered is construed as a deprivation of property claim, see footnote 6 above.

7

provide factual allegations that indicate any hindrance with filing in this Court, much less an "actual injury." The Plaintiff's allegations concerning denial of access to the courts fail to state a claim and should be dismissed.

The complaint's bare allegation of denial of Plaintiff's right to "due process of law," without further factual allegations, is not sufficient to state a claim. Complaint at 3, Docket #1-1. The complaint must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). The complaint's allegations of denial of due process fail to state a claim and should be dismissed.

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process.

s/Bruce Howe Hendricks
United States Magistrate Judge

September 14, 2009
Greenville, South Carolina

**Plaintiff's attention is directed to the important notice on the next page**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).